# EXHIBIT A



## 2021 CA 000595 B CAPEL, BERTRAND Vs. WRIGHT, KAREN JML

- Case Type:
- Civil II
- Case Status:
- Open
- File Date:
- 02/26/2021
- Action:
- Complaint for Breach of Contract Filed
- Status Date:
- 02/26/2021
- Next Event:
- 05/28/2021

| **All Information** | **Party** | **Event** | **Docket** | **Receipt** | **Disposition** |

### Party Information

**CAPEL, BERTRAND**
- Plaintiff

- Disposition
- Disp Date

| Alias |
| --- |

| Party Attorney |
| --- |
| Attorney |
| PITTMAN, JOHN TRAVIS |

**WRIGHT, KAREN**
- Defendant

- Disposition
- Disp Date

| Alias |
| --- |

| Party Attorney |
| --- |
| Attorney |
| DOUGLAS, DENISE MICHE |
| Attorney |
| ROGOSA, ALEXANDER R |

### Events

| Date/Time | Location | Type | Result | Event Judge |
| --- | --- | --- | --- | --- |
| 05/28/2021 09:30 AM | Courtroom 212 | Initial Scheduling Conference-60 | | |

### Docket Information

| Date | Docket Text | Image Avail. |
| --- | --- | --- |
| 02/26/2021 | Complaint for Breach of Contract Filed  Receipt: 468474  Date: 03/01/2021 | |
| 02/26/2021 | eComplaint. submitted 02/26/2021 15:29. TB<br>Attorney: PITTMAN, JOHN TRAVIS (1016894)<br>BERTRAND CAPEL (Plaintiff); | Image |
| 03/01/2021 | Event Scheduled<br>Event: Initial Scheduling Conference-60<br>Date: 05/28/2021    Time: 9:30 am<br>Judge: LOPEZ, JOSE M  Location: Courtroom 212 | |

| Date | Docket Text | Image Avail. |
|---|---|---|
| 03/01/2021 | Issue Date: 03/01/2021<br>Service: Summons Issued<br>Method: Service Issued<br>Cost Per: $<br><br>WRIGHT, KAREN<br>9403 Highmeadow Dr.<br>HOUSTON, TX 77063<br>Tracking No: 5000232580 | |
| 03/01/2021 | Complaint Package eServed to Filer | Image |
| 03/19/2021 | Praecipe to Enter Appearance Filed. submitted 03/19/2021 14:15. NB<br>Attorney: DOUGLAS, DENISE MICHE (503354)<br>Attorney: ROGOSA, ALEXANDER R (1044198)<br>KAREN WRIGHT (Defendant); | Image |

### Receipts

| Receipt Number | Receipt Date | Received From | Payment Amount |
|---|---|---|---|
| 468474 | 03/01/2021 | PITTMAN, JOHN TRAVIS, Attorney | $120.00 |
| Total | Total | Total | Total |
| | | | $120.00 |

### Case Disposition

| Disposition | Date | Case Judge |
|---|---|---|
| Undisposed | | |

# 2021 CA 000604 B CAPEL, BERTRAND Vs. WRIGHT, KAREN TEE



- Case Type:
- Civil II
- Case Status:
- Open
- File Date:
- 02/28/2021
- Action:
- Complaint for Declaratory Judgment Filed
- Status Date:
- 02/28/2021
- Next Event:
- 06/04/2021

| All Information | Party | Event | Docket | Receipt | Disposition |

## Party Information

**CAPEL, BERTRAND**
- Plaintiff

- Disposition
- Disp Date

| Alias |
| --- |

| Party Attorney |
| --- |
| Attorney |
| PITTMAN, JOHN TRAVIS |

**WRIGHT, KAREN**
- Defendant

- Disposition
- Disp Date

| Alias |
| --- |

| Party Attorney |
| --- |
| Attorney |
| DOUGLAS, DENISE MICHE |
| Attorney |
| ROGOSA, ALEXANDER R |

## Events

| Date/Time | Location | Type | Result | Event Judge |
| --- | --- | --- | --- | --- |
| 06/04/2021 09:30 AM | Courtroom JM-4 | Initial Scheduling Conference-60 | | |

## Docket Information

| Date | Docket Text | Image Avail. |
| --- | --- | --- |
| 02/28/2021 | Complaint for Declaratory Judgment Filed  Receipt: 468487  Date: 03/01/2021 | |
| 02/28/2021 | eComplaint Filed. Submitted 02/28/2021 16:52 .mq  (NO SUMMONS SUBMITTED)  Attorney: PITTMAN, JOHN TRAVIS (1016894)  BERTRAND CAPEL (Plaintiff); | Image |
| 03/01/2021 | Event Scheduled  Event: Initial Scheduling Conference-60  Date: 06/04/2021  Time: 9:30 am  Judge: EDELMAN, TODD E  Location: Courtroom JM-4 | |
| 03/01/2021 | Complaint Package eServed to Filer | Image |

| Date | Docket Text | Image Avail. |
|------|-------------|--------------|
| 03/19/2021 | Praecipe to Enter Appearance Filed, submitted 03/19/2021 14:18. NB<br>Attorney: DOUGLAS, DENISE MICHE (503354)<br>Attorney: ROGOSA, ALEXANDER R (1044198)<br>KAREN WRIGHT (Defendant); | Image |
| 03/25/2021 | Plaintiff's Proof of Service Filed.  Submitted 03/25/2021 13:48. AV<br>Attorney: PITTMAN, JOHN TRAVIS (1016894)<br>KAREN WRIGHT (Defendant); | Image |
| 03/25/2021 | Additional eFiling Document to Plaintiff's Proof of Service Filed.  Submitted 03/25/2021 13:48. AV<br>Attorney: PITTMAN, JOHN TRAVIS (1016894)<br>KAREN WRIGHT (Defendant); | Image |
| 03/25/2021 | Proof of Service<br>  Method  : Service Issued<br>  Issued    : 03/26/2021<br>  Service  : Summons Issued<br>  Served   : 03/11/2021<br>  Return   : 03/25/2021<br>  On      : WRIGHT, KAREN<br>  Signed By : Karen Wright<br><br>  Reason   : Proof of Service<br>  Comment  :<br><br>  Tracking #: 5000233072 | |
| 03/26/2021 | Issue Date:  03/26/2021<br>Service:  Summons Issued<br>Method:  Service Issued<br>Cost Per:  $<br><br>  WRIGHT, KAREN<br>  9403 Highmeadow Drive<br>  HOUSTON, TX  77063<br>  Tracking No: 5000233072 | |

## Receipts

| Receipt Number | Receipt Date | Received From | Payment Amount |
|----------------|--------------|---------------|----------------|
| 468487 | 03/01/2021 | PITTMAN, JOHN TRAVIS, Attorney | $120.00 |
| Total | Total | Total | Total |
| | | | $120.00 |

## Case Disposition

| Disposition | Date | Case Judge |
|-------------|------|------------|
| Undisposed | | |

Filed
D.C. Superior Court
02/26/2021 13:29PM
Clerk of the Court

## SUPERIOR COURT OF THE DISTRICT OF COLUMBIA

### CIVIL DIVISION

|  |  |
|---|---|
| BERTRAND CAPEL <br> 5419 Illinois Avenue, NW <br> Washington, DC 20011 <br>          Plaintiff, <br><br>    v. <br><br> KAREN WRIGHT <br> Serve at: <br> 9403 Highmeadow Dr. <br> Houston, TX 77063 <br>          Defendant. | Case No.: **2021 CA 000595 B** |

### COMPLAINT

COMES NOW Plaintiff Bertrand Capel and respectfully asks the Court to enter judgment against Defendant Karen Wright and grant declaratory and injunctive relief, and states:

### PARTIES AND JURISDICTION

1.      Plaintiff Bertrand Capel is a resident of Washington, DC and his home address is 5419 Illinois Avenue, NW, Washington, DC, 20011.

2.      Defendant Karen Wright is a resident of Texas, and her home address is 9403 Highmeadow Drive, Houston, Texas 77063.

3.      Defendant has a real estate license and works in commercial real estate. She was doing this while living in DC and continues doing this now in Texas.

4.      The Court has jurisdiction over Ms. Wright via her ownership interest in the real property at issue located at 1322 E Street, NE, Washington, DC, 20002. The Court also has personal jurisdiction over Ms. Wright via the long-arm statute, set forth at D.C. Code § 13-423(a). Ms. Wright's involvement in the purchase transaction of the property satisfies the nexus

requirement of the long-arm statue, as does her current action of listing the property for sale.

## THE PROPERTY

5.      This dispute arises over real property in the District of Columbia, a residential property, at 1322 E Street, NE, Washington, DC, 20002.

6.      In the land records of the District of Columbia, the property is described as:

ALL THAT PIECE OR PARCEL OF LAND, TOGETHER WITH THE IMPROVEMENTS, RIGHTS, PRIVILEGES AND APPURTENANCES TO THE SAME BELONGING, SITUATE IN THE DISTRICT OF COLUMBIA, DESCRIBED AS FOLLOWS, TO WIT: ALL THAT CERTAIN LOT OR PARCEL OF LAND SITUATE IN THE DISTRICT OF COLUMBIA AND BEING MORE PARTICULARLY DESCRIBED AS FOLLOWS: LOT NUMBERED FIFTY-SEVEN (57) IN WINE AND MAYSES SUBDIVISION OF SQUARE NUMBERED TEN HUNDRED TWENTY-NINE (1029), AS PER PLAT RECORDED IN BOOK 19 AT PAGE 63 IN THE OFFICE THE SURVEYOR FOR THE DISTRICT OF COLUMBIA. TAX ID: 1029-0000-0057.

7.      The property is currently listed for sale at $975,000.

8.      Upon information and belief, the house went under contract within the last week.

## FACTS

9.      Mr. Capel and Ms. Wright were in a romantic relationship for almost nine years.

10.     Several years into the relationship, Mr. Capel and Ms. Wright decided to purchase a residential property, which they would renovate together.

11.     They agreed to form a partnership for the purpose of purchasing and maintaining the property.

12.     They spent four months searching for a property to purchase and attending Sunday open houses. They made offers on several different houses but were outbid, so they continued looking.

13.     In May 2013, Mr. Capel discovered that the property at 1322 E St NE was for sale and informed Ms. Wright. First, Mr. Capel went to look at it on his own, along with the same real

estate agent who is currently listing the house.

14.     The parties went to see the house the same or next day and made an immediate offer on the property, which was ultimately accepted by the seller. The parties purchased the property on May 8, 2013 for $545,000.

15.     They planned to live in the house for a couple of years and eventually sell it. When Ms. Wright moved to Texas, Mr. Capel decided to continue living in the house and agreed to pay the mortgage.

16.     At that time, Mr. Capel was renting out the condominium he owned in the Foggy Bottom neighborhood. Because he already had a mortgage, he did not believe he would qualify to be named on the mortgage for the property in this dispute.

17.     The parties therefore agreed that Ms. Wright would make the down payment on the property at 1322 E St NE and put her name on the mortgage, and that Mr. Capel would allocate the time to manage the renovation and help pay for some of the renovations on the property since he had prior experience renovating houses.

18.     They further agreed that Mr. Capel would receive 30% of the profit and would recoup his share of the renovation costs upon the sale of the property.

19.     Mr. Capel dedicated a significant amount of time to managing the renovation and locating subcontractors, which also required him to take time off from work. He conceptualized the renovations, directed the subcontractors, and often did some of the physical work himself.

20.     Ms. Wright wrote the contracts for subcontractors, handled phone calls and email correspondence, helped select finishes and appliances, and picked up some materials.

21.     The parties almost always made joint decisions about the renovations, which took nearly seven months. During that time, Mr. Capel used his personal contacts to obtain contractor

discounts on appliances, lumber, and marble.

22.     He invested almost $49,000 of his own money to renovate the home and can provide receipts to this effect. He placed $25,000 in cash saved from tips from his job as a hairstylist into a joint safe deposit box with Ms. Wright.

23.     He made additional investments of nearly $24,000 of personal funds to pay for the renovations.

24.     Ms. Wright claims to have invested $150,000 in renovations to the home but refused to produce the receipts when Mr. Capel asked for them.

25.     Once the renovations were completed in early 2014, Ms. Wright and Mr. Capel moved in together at 1322 E St NE.

26.     Early in the summer of 2014, three or four months after the renovations were completed, Ms. Wright moved to Texas due to family obligations.

27.     Mr. Capel continued living in the house for over five years, during which time he paid for the mortgage via check deposit to Ms. Wright's bank account. He also paid for the utilities and maintenance. He spent a total of $197,212,84 on the mortgage alone.

28.     Their romantic relationship began to end in the fall of 2014 when it became clear that they would no longer be living in the same geographic area.

29.     On May 15, 2019, Ms. Wright proposed the idea of renting out the house later that summer. Mr. Capel agreed to move out of his own accord, but only on the condition that she pay Mr. Capel his share of the profit plus renovation expenses.

30.     On June 28, 2019, the parties calculated Mr. Capel's share of the profit plus renovation expenses and came to an agreement. Although Mr. Capel was offered an amount that was lower than what he thought was his fair share, he accepted it in order to move on with his life.

31.     Later in 2019, Ms. Wright told Mr. Capel that she planned to refinance the house and use the money from the refinancing to pay him his share.

32.     Ms. Wright asked Mr. Capel to assist with the listing and showing of the home to prospective renters since she was living in Texas and unable to do this herself.  Ms. Wright posted a notice on Zillow, and Mr. Capel posted weekly notices on Craigslist, Facebook and other sites.

33.     Mr. Capel coordinated private showings and two open houses, met with prospective tenants, and ultimately helped Ms. Wright locate a tenant.

34.     During this time, it was proving difficult to find a suitable tenant. Ms. Wright also changed her mind frequently about whether to rent the home, sell it, or ask Mr. Capel if he wanted to stay there.

35.     He moved out of the home in the middle of January 2020.

36.     In late February or early March of 2020, after Mr. Capel had moved out of the home, Ms. Wright changed her mind and decided she would not refinance the home.

37.     Instead, she made a new proposal to Mr. Capel during a phone call. She offered him $30,000 so that she would never have to hear from him again—otherwise, he would have to wait at least another year for the house to be sold, at which point he would receive his 30% share plus renovation costs.

38.     Mr. Capel did not accept this proposal, since it was not what they had agreed to previously. Ms. Wright then stated she did not want to give Mr. Capel any money for him to buy a house with his new girlfriend. She told him if he did not like her new proposal, he could go ahead and sue her.

39.     According to Mr. Capel's own estimate, the equity in the house is between $200,000 and $250,000.

40.    Ms. Wright listed the home on the market in February 2021, and upon information and belief, Mr. Capel believes the home is currently under contract.

## COUNT ONE

### DECLARATORY RELIEF

41.    Mr. Capel repeats and realleges all of the foregoing paragraphs as if fully restated herein.

42.    Ms. Wright has repudiated Mr. Capel's interest in the proceeds of any sale of the property. This repudiation was stated in a general way and applies equally to Mr. Capel's contract and property rights in the proceeds from the sale.

43.    The easiest resolution to this dispute would be for the Court to declare the parties' rights in the properties and in the sale proceeds, and then let the property be sold and the proceeds distributed in accordance with the Court's declaration.

44.    The Court should declare that Mr. Capel has a right to 30% interest in the proceeds of the sale, plus reimbursement of his costs in the amount of $49,610.32, to be taken from the remaining 70% of the sale proceeds.

## COUNT TWO

### BREACH OF CONTRACT

45.    Mr. Capel repeats and realleges all of the foregoing paragraphs as if fully restated herein.

46.    The parties agreed that Mr. Capel would manage and renovate the property, and in exchange for this service, Ms. Wright would provide him with 30% of the profit whenever it was sold. They also agreed that upon the proceeds of any sale, Mr. Capel would recoup his own personal funds he spent on renovation.

47.    This Count Two for breach of contract is a separate and alternative way of viewing

this situation and the rights of the parties in addition to the general partnership-type framework we present in Count Four.

48.     Ms. Wright has repudiated their agreement and she has repudiated her obligation to perform further, and she has repudiated Mr. Capel's right to collect his portion of the sale proceeds.

49.     These facts can be viewed as an oral contract, a contract implied-in-fact, or a contract implied-in-performance.

50.     Repudiation is breach of contract.

51.     Mr. Capel is going to lose a tremendous amount of money if Ms. Wright is permitted to walk away with the full sale proceeds and does not give Mr. Capel his 30% interest and does not pay him back for all the money he has spent in improving the property.

52.     The Court should enter judgment against Ms. Wright in the amount of $250,000, or such other amount that the Court deems reasonable.

## COUNT THREE

### BREACH OF PARTNERSHIP

53.     Mr. Capel repeats and realleges all of the foregoing paragraphs as if fully restated herein.

54.     Mr. Capel and Ms. Wright entered into a general partnership when they agreed to invest in real estate together.

55.     Under D.C. Code § 29-604.07, Ms. Wright owes to the partnership and to Mr. Capel the duty of loyalty and the duty of care as set forth in this section.

56.     Ms. Wright breached her duties of loyalty and care when she repudiated Mr. Capel's interest in the partnership and his right to a portion of the partnership profits.

57.     The parties entered into this partnership for the purpose of investing in real estate;

Ms. Wright's repudiation of Mr. Capel's financial interest in the sale and ability to recoup his costs spent in doing the partnership's business goes straight to the heart of that investment purpose and is a material breach of her statutory duties.

58.     The Court should, pursuant to D.C. Code § 29-606.01(5)(B), expel Ms. Wright from the partnership.

## COUNT FOUR

### CONVERSION

59.     Mr. Capel repeats and reallages all of the foregoing paragraphs as if fully restated herein.

60.     Mr. Capel has invested a significant amount of his own personal funds into the property and into the partnership.

61.     Ms. Wright's repudiation of her obligation to repay those funds amounts to a conversion of Mr. Capel's financial investment.

62.     The Court should enter judgment against Ms. Wright in the amount of $250,000, or such other amount that the Court deems reasonable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Bertrand Capel respectfully asks the Court to enter judgment as follows:

a)     Award Mr. Capel money damages in the amount of $250,000, or such other amount that the Court deems reasonable.

b)     Declare Mr. Capel's 30% interest in the proceeds of the sale and his right to recoup his performance costs to date.

AND MOREOVER, Plaintiff Bertrand Capel respectfully asks the Court to issue a preliminary injunction against any contract on the home going to close before this matter is decided. Mr. Capel has this same day also filed the standard preliminary injunction form and will take efforts to put that motion on for a hearing as soon as possible.

Respectfully submitted,

 /s/ Travis Pittman
Travis Pittman (D.C. Bar No. 1016894)
Attorney for Bertrand Capel

Holmes Pittman & Haraguchi, LLP
P.O. Box 380
Chester, MD  21619
Phone: (202) 329-3558
Fax: (443) 782-0362
jtpittman@hphattorneys.com

# Superior Court of the District of Columbia

CIVIL DIVISION- CIVIL ACTIONS BRANCH

INFORMATION SHEET

_Bertrand Capel_                                   Case Number: __2021 CA 000595 B__

vs                                                Date: __2/26/2021__

_Karen Wright_                                ☐ One of the defendants is being sued
                                                 in their official capacity.

| Name: *(Please Print)* | Relationship to Lawsuit |
| --- | --- |
| J. Travis Pittman | ☒ Attorney for Plaintiff |
| Firm Name: Holmes Pittman & Haraguchi, LLP | ☐ Self (Pro Se) |
| Telephone No.:  Six digit Unified Bar No.: (202) 329-3558        1016894 | ☐ Other: _____ |

TYPE OF CASE:  ☒ Non-Jury        ☐ 6 Person Jury        ☐ 12 Person Jury

Demand: $ __250,000__                          Other: __Declaratory relief and Injunction__

PENDING CASE(S) RELATED TO THE ACTION BEING FILED

Case No.: __N/A__          Judge: _____        Calendar #: _____

Case No.: _____        Judge: _____        Calendar#: _____

---

**NATURE OF SUIT:** *(Check One Box Only)*

**A. CONTRACTS**                          **COLLECTION CASES**

| | | |
| --- | --- | --- |
| ☒ 01 Breach of Contract | ☐ 14 Under $25,000 Pltf. Grants Consent | ☐ 16 Under $25,000 Consent Denied |
| ☐ 02 Breach of Warranty | ☐ 17 OVER $25,000 Pltf. Grants Consent | ☐ 18 OVER $25,000 Consent Denied |
| ☐ 06 Negotiable Instrument | ☐ 27 Insurance/Subrogation | ☐ 26 Insurance/Subrogation |
| ☐ 07 Personal Property | Over $25,000 Pltf. Grants Consent | Over $25,000 Consent Denied |
| ☐ 13 Employment Discrimination | ☐ 07 Insurance/Subrogation | ☐ 34 Insurance/Subrogation |
| ☐ 15 Special Education Fees | Under $25,000 Pltf. Grants Consent | Under $25,000 Consent Denied |
| | ☐ 28 Motion to Confirm Arbitration | |
| | Award (Collection Cases Only) | |

**B. PROPERTY TORTS**

| | | |
| --- | --- | --- |
| ☐ 01 Automobile | ☐ 03 Destruction of Private Property | ☐ 05 Trespass |
| ☐ 02 Conversion | ☐ 04 Property Damage | |
| ☐ 07 Shoplifting, D.C. Code § 27-102 (a) | | |

**C. PERSONAL TORTS**

| | | |
| --- | --- | --- |
| ☐ 01 Abuse of Process | ☐ 10 Invasion of Privacy | ☐ 17 Personal Injury- (Not Automobile, Not Malpractice) |
| ☐ 02 Alienation of Affection | ☐ 11 Libel and Slander | ☐ 18 Wrongful Death (Not Malpractice) |
| ☐ 03 Assault and Battery | ☐ 12 Malicious Interference | ☐ 19 Wrongful Eviction |
| ☐ 04 Automobile- Personal Injury | ☐ 13 Malicious Prosecution | ☐ 20 Friendly Suit |
| ☐ 05 Deceit (Misrepresentation) | ☐ 14 Malpractice Legal | ☐ 21 Asbestos |
| ☐ 06 False Accusation | ☐ 15 Malpractice Medical (Including Wrongful Death) | ☐ 22 Toxic/Mass Torts |
| ☐ 07 False Arrest | ☐ 16 Negligence- (Not Automobile, Not Malpractice) | ☐ 23 Tobacco |
| ☐ 08 Fraud | | ☐ 24 Lead Paint |

SEE REVERSE SIDE AND CHECK HERE        IF USED

# Information Sheet, Continued

**C. OTHERS**

☐ 01 Accounting
☐ 02 Att. Before Judgment
☐ 05 Ejectment
☐ 09 Special Writ/Warrants
    (DC Code § 11-941)
☐ 10  Traffic Adjudication
☐ 11 Writ of Replevin
☐ 12 Enforce Mechanics Lien
☐ 16 Declaratory Judgment

☐ 17 Merit Personnel Act (OEA)
    (D.C. Code Title 1, Chapter 6)
☐ 18 Product Liability

☐ 24 Application to Confirm, Modify,
    Vacate Arbitration Award (DC Code § 16-4401)
☐ 29 Merit Personnel Act (OHR)
☐ 31 Housing Code Regulations
☐ 32 Qui Tam
☐ 33 Whistleblower

**II.**

☐ 03 Change of Name
☐ 06 Foreign Judgment/Domestic
☐ 08 Foreign Judgment/International
☐ 13 Correction of Birth Certificate
☐ 14 Correction of Marriage
    Certificate
☐ 26 Petition for Civil Asset Forfeiture (Vehicle)
☐ 27 Petition for Civil Asset Forfeiture (Currency)
☐ 28 Petition for Civil Asset Forfeiture (Other)

☐ 15 Libel of Information
☐ 19 Enter Administrative Order as
    Judgment [ D.C. Code §
    2-1802.03 (h) or 32-151 9 (a)]
☐ 20 Master Meter (D.C. Code §
    42-3301, et seq.)

☐ 21 Petition for Subpoena
    [Rule 28-I (b)]
☐ 22 Release Mechanics Lien
☐ 23 Rule 27(a)(1)
    (Perpetuate Testimony)
☐ 24 Petition for Structured Settlement
☐ 25 Petition for Liquidation

**D.  REAL PROPERTY**

☐ 09 Real Property-Real Estate
☐ 12 Specific Performance
☐ 04 Condemnation (Eminent Domain)
☐ 10 Mortgage Foreclosure/Judicial Sale
☐ 11 Petition for Civil Asset Forfeiture (RP)

☐ 08 Quiet Title
☐ 25 Liens: Tax / Water Consent Granted
☐ 30 Liens: Tax / Water Consent Denied
☐ 31 Tax Lien Bid Off Certificate Consent Granted

---

/s/ J. Travis Pittman

Attorney's Signature

2/26/2021

Date

**Superior Court of the District of Columbia**
**CIVIL DIVISION**
**Civil Actions Branch**
**500 Indiana Avenue, N.W., Suite 5000 Washington, D.C. 20001**
**Telephone: (202) 879-1133 Website: www.dccourts.gov**

Bertrand Capel

_____
Plaintiff

vs.

Case Number  __**2021 CA 000595 B**__

Karen Wright

_____
Defendant

### SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty one (21) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within seven (7) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

J. Travis Pittman

_____
Name of Plaintiff's Attorney

Holmes Pittman & Haraguchi, LLP

_____
Address

P.O. Box 380, Chester, MD 21619

(202) 329-3558

_____
Telephone

_Clerk of the Court_

By _____
Deputy Clerk

Date ___**03/01/2021**___

如需翻译，请打电话 (202) 879-4828     Veuillez appeler au (202) 879-4828 pour une traduction     Để có một bài dịch, hãy gọi (202) 879-4828

번역을 원하시면, (202) 879-4828로 전화주십시오     ��ላማ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, _DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME._

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-279-5100) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español





**TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA**
DIVISIÓN CIVIL
**Sección de Acciones Civiles**
**500 Indiana Avenue, N.W., Suite 5000, Washington, D.C. 20001**
**Teléfono: (202) 879-1133 Sitio web: www.dccourts.gov**

Bertrand Capel
_____
                              Demandante

        contra

                                          Número de Caso:   **2021 CA 000595 B**

Karen Wright
_____
                              Demandado

**CITATORIO**

Al susodicho Demandado:

        Por la presente se le cita a comparecer y se le require entregar una Contestación a la Demanda adjunta, sea en persona o por medio de un abogado, en el plazo de veintiún (21) días contados después que usted haya recibido este citatorio, excluyendo el día mismo de la entrega del citatorio. Si usted está siendo demandado en calidad de oficial o agente del Gobierno de los Estados Unidos de Norteamérica o del Gobierno del Distrito de Columbia, tiene usted sesenta (60) días, contados después que usted haya recibido este citatorio, para entregar su Contestación. Tiene que enviarle por correo una copia de su Contestación al abogado de la parte demandante. El nombre y dirección del abogado aparecen al final de este documento. Si el demandado no tiene abogado, tiene que enviarle al demandante una copia de la Contestación por correo a la dirección que aparece en este Citatorio.

        A usted también se le require presentar la Contestación original al Tribunal en la Oficina 5000, sito en 500 Indiana Avenue, N.W., entre las 8:30 a.m. y 5:00 p.m., de lunes a viernes o entre las 9:00 a.m. y las 12:00 del mediodía los sábados. Usted puede presentar la Contestación original ante el Juez ya sea antes que usted le entregue al demandante una copia de la Contestación o en el plazo de siete (7) días de haberle hecho la entrega al demandante. Si usted incumple con presentar una Contestación, podría dictarse un fallo en rebeldía contra usted para que se haga efectivo el desagravio que se busca en la demanda.

J. Travis Pittman
_____                    *SECRETARIO DEL TRIBUNAL*
Nombre del abogado del Demandante

Holmes Pittman & Haraguchi, LLP
_____          Por:  _____
Dirección                                                                   Subsecretario
P.O. Box 380, Chester, MD  21619
_____

(202) 329-3558
_____          Fecha   **03/01/2021**
Teléfono

如需翻译,请打电话 (202) 879-4828     Veuillez appeler au (202) 879-4828 pour une traduction     Để có một bài dịch, hãy gọi (202) 879-4828

번역을 원하시면 (202)879-4828 로 전화주십시오     ፣ኣስተርጓሚ ፣ለማግኘት ፣ለማውፃት (202) 879-4828 ይደውሉ

        IMPORTANTE: SI USTED INCUMPLE CON PRESENTAR UNA CONTESTACIÓN EN EL PLAZO ANTES MENCIONADO O, SI LUEGO DE CONTESTAR, USTED NO COMPARECE CUANDO LE AVISE EL JUZGADO, PODRÍA DICTARSE UN FALLO EN REBELDÍA CONTRA USTED PARA QUE SE LE COBRE LOS DAÑOS Y PERJUICIOS U OTRO DESAGRAVIO QUE SE BUSQUE EN LA DEMANDA. SI ESTO OCURRE, PODRÍA RETENÉRSELE SUS INGRESOS, O PODRÍA TOMÁRSELE SUS BIENES PERSONALES O BIENES RAÍCES Y SER VENDIDOS PARA PAGAR EL FALLO. SI USTED PRETENDE OPONERSE A ESTA ACCIÓN, _NO DEJE DE CONTESTAR LA DEMANDA DENTRO DEL PLAZO EXIGIDO._

        Si desea conversar con un abogado y le parece que no puede pagarle a uno, llame pronto a una de nuestras oficinas del Legal Aid Society (202-628-1161) o el Neighborhood Legal Services (202-279-5100) para pedir ayuda o venga a la Oficina 5000 del 500 Indiana Avenue, N.W., para informarse sobre otros lugares donde puede pedir ayuda al respecto.

Vea al dorso el original en inglés
See reverse side for English original



**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION Civil Actions Branch**
**500 Indiana Avenue, N.W., Suite 5000, Washington, D.C. 20001**
**Telephone: (202) 879-1133 • Website: www.dccourts.gov**

BERTRAND CAPEL
    Vs.                                C.A. No.      2021 CA 000595 B
KAREN WRIGHT

### INITIAL ORDER AND ADDENDUM

    Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("Super. Ct. Civ. R.") 40-I, it is hereby **ORDERED** as follows:

    (1) This case is assigned to the judge and calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption.

    (2) Within 60 days of the filing of the complaint, plaintiff must file proof of service on each defendant of copies of (a) the summons, (b) the complaint, and (c) this Initial Order and Addendum.  The court will dismiss the claims against any defendant for whom such proof of service has not been filed by this deadline, unless the court extended the time for service under Rule 4(m).

    (3) Within 21 days of service (unless otherwise provided in Rule 12), each defendant must respond to the complaint by filing an answer or other responsive pleading. The court may enter a default and a default judgment against any defendant who does not meet this deadline, unless the court extended the deadline under Rule 55(a).

    (4) At the time stated below, all counsel and unrepresented parties shall participate in a remote hearing to establish a schedule and discuss the possibilities of settlement. Counsel shall discuss with their clients **before** the hearing whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this hearing.**

    (5) If the date or time is inconvenient for any party or counsel, the Civil Actions Branch may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. To reschedule the hearing, a party or lawyer may call the Branch at (202) 879-1133.  Any such request must be made at least seven business days before the scheduled date.

No other continuance of the conference will be granted except upon motion for good cause shown.

    (6) Parties are responsible for obtaining and complying with all requirements of the General Order for Civil cases, each judge's Supplement to the General Order and the General Mediation Order.  Copies of these orders are available in the Courtroom and on the Court's website http://www.dccourts.gov/.

                             Chief Judge Anita M. Josey-Herring

Case Assigned to: Judge JOSE M LOPEZ
Date:       March 1, 2021
Initial Conference: **REMOTE HEARING - DO NOT COME TO COURTHOUSE**
**SEE REMOTE HEARING INSTRUCTIONS ATTACHED TO INITIAL ORDER**

9:30 am, Friday, May 28, 2021
Location:   Courtroom 212
            500 Indiana Avenue N.W.
            WASHINGTON, DC  20001

## ADDENDUM TO INITIAL ORDER AFFECTING
## ALL MEDICAL MALPRACTICE CASES

D.C. Code § 16-2821, which part of the Medical Malpractice Proceedings Act of 2006, provides,   "[a]fter action is filed in the court against a healthcare provider alleging medical malpractice, the court shall require the parties to enter into mediation, without discovery or, if all parties agree[,] with only limited discovery that will not interfere with the completion of mediation within 30 days of the Initial Scheduling and Settlement Conference ('ISSC'"), prior to any further litigation in an effort to reach a settlement agreement.  The early mediation schedule shall be included in the Scheduling Order following the ISSC.  Unless all parties agree, the stay of discovery shall not be more than 30 days after the ISSC."

To ensure compliance with this legislation, on or before the date of the ISSC, the Court will notify all attorneys and *pro se* parties of the date and time of the early mediation session and the name of the assigned mediator. Information about the early mediation date also is available over the internet at https://www.dccourts.gov/pa/.   To facilitate this process, all counsel and *pro se* parties in every medical malpractice case are required to confer, jointly complete and sign an EARLY MEDIATION FORM, which must be filed no later than ten (10) calendar days prior to the ISSC. D.C. Code § 16-2825 Two separate Early Mediation Forms are available.  Both forms may be obtained at www.dccourts.gov/medmalmediation.  One form is to be used for early mediation with a mediator from the multi-door medical malpractice mediator roster; the second form is to be used for early mediation with a private mediator. Plaintiff's counsel is responsible for eFiling the form and is required to e-mail a courtesy copy to earlymedmal@dcsc.gov.  Unrepresented plaintiffs who elect not to eFile must either mail the form to the Multi-Door Dispute Resolution Office at, Suite 2900, 410 E Street, N.W., Washington, DC 20001, or deliver if in person if the Office is open for in-person visits.

A roster of medical malpractice mediators available through the Court's Multi-Door Dispute Resolution Division,  with  biographical  information  about  each  mediator,  can  be  found  at www.dccourts.gov/medmalmediation/mediatorprofiles.  All individuals on the roster are judges or lawyers with at least 10 years of significant experience in medical malpractice litigation.  D.C. Code § 16-2823(a).  If the parties cannot agree on a mediator, the Court will appoint one.  D.C. Code § 16-2823(b).

The following people are required by D.C. Code § 16-2824 to attend personally the Early Mediation Conference: (1) all parties; (2) for parties that are not individuals, a representative with settlement authority; (3) in cases involving an insurance company, a representative of the company with settlement authority; and (4) attorneys representing each party with primary responsibility for the case.

No later than ten (10) days after the early mediation session has terminated, Plaintiff must eFile with the Court a report prepared by the mediator, including a private mediator, regarding: (1) attendance; (2) whether a settlement was reached; or, (3) if a settlement was not reached, any agreements to narrow the scope of the dispute, limit discovery, facilitate future settlement, hold another mediation session, or otherwise reduce the cost and time of trial preparation. D.C. Code§ 16-2826.  Any Plaintiff who is unrepresented may mail the form to the Civil Actions Branch at [address] or deliver it in person if the Branch is open for in-person visits. The forms to be used for early mediation reports are available at www.dccourts.gov/medmalmediation.

Chief Judge Anita M. Josey-Herring

**Civil Remote Hearing Instructions for Participants**

The following instructions are for participants who are scheduled to have cases heard before a Civil Judge in a **Remote Courtroom**

**Option1:** (AUDIO ONLY/Dial-in by Phone):

Toll 1 (844) 992-4762 or (202) 860-2110, enter the Meeting ID from the attachment followed by #, press again to enter session.

> ⊛ *Please call in no sooner than 5 minutes before your scheduled hearing time. Once you have joined the session, please place your phone on mute until directed otherwise. If you should happen to get disconnected from the call, please call back in using the phone number and access number provided and the courtroom clerk will mute your call until the appropriate time.*

If you select **Option 2** or **Option 3** use the Audio Alternative

**Option 2:** (LAPTOP/ DESKTOP USERS 1):

Open Web Browser in Google Chrome and copy and paste following address from the next page: https://dccourts.webex.com/meet/XXXXXXXXX

**Option 3:** (LAPTOP/ DESKTOP USERS 2):

Open Web Browser in Google Chrome and copy and paste following address https://dccourts.webex.com Select **Join**, enter the Meeting ID from the next page

AUDIO ALTERNATIVE: Instead of automatically using **USE COMPUTER FOR AUDIO**, select **CALL-IN** and follow the **CALL-IN** prompt window. Use a cell phone or desk phone. You will be heard clearer if you **do not** place your phone on SPEAKER. It is very important that you enter the **ACCESS ID #** so that your audio is matched with your video. 

**Option 4:** (Ipad/SMART PHONE/TABLET):

- Go to App Store, Download WebEx App (Cisco WebEx Meetings)
- Sign into the App with your Name and Email Address
- Select Join Meeting
- Enter address from the next page: https://dccourts.webex.com/meet/XXXXXXXXX
- Click join and make sure your microphone is muted and your video is unmuted (if you need to be
- seen). If you only need to speak and do not need to be seen, use the audio only option.
- When you are ready click "Join Meeting". If the host has not yet started the meeting, you will be placed in the lobby until the meeting begins.

**For Technical Questions or issues Call: (202) 879-1928, Option #2**

Superior Court of the District of Columbia
Public Access for Remote Court Hearings
(Effective August 24, 2020)

**The current telephone numbers for all remote hearings are: 202-860-2110 (local) or 844-992-4726 (toll free).** After dialing the number, enter the WebEx Meeting ID as shown below for the courtroom. Please click a WebEx Direct URL link below to join the hearing online.

Audio and video recording; taking pictures of remote hearings; and sharing the live or recorded remote hearing by rebroadcasting, live-streaming or otherwise are not allowed

| Division | Courtroom | Types of Hearings Scheduled in Courtroom | Public Access via WebEx | |
|---|---|---|---|---|
| | | | **WebEx Direct URL** | **WebEx Meeting ID** |
| Auditor Master | 206 | Auditor Master Hearings | https://dccourts.webex.com/meet/ctbaudmaster | 129 648 5606 |
| Civil | 100 | Civil 2 Scheduling Conferences; Status, Motion and Evidentiary Hearings including Bench Trials | https://dccourts.webex.com/meet/ctb100 | 129 846 4145 |
| | 205 | Foreclosure Matters | https://dccourts.webex.com/meet/ctb205 | 129 814 7399 |
| | 212 | Civil 2 Scheduling Conferences; Status, Motion and Evidentiary Hearings including Bench Trials | https://dccourts.webex.com/meet/ctb212 | 129 440 9070 |
| | 214 | Title 47 Tax Liens; and Foreclosure Hearings | https://dccourts.webex.com/meet/ctb214 | 129 942 2620 |
| | 219 | Civil 2 Scheduling Conferences; Status, Motion and Evidentiary Hearings including Bench Trials | https://dccourts.webex.com/meet/ctb219 | 129 315 2924 |
| | 221 | Civil 1 Scheduling Conferences; Status, Motion and Evidentiary Hearings including Bench Trials | https://dccourts.webex.com/meet/ctb221 | 129 493 5162 |
| | 318 | Civil 2 Scheduling Conferences; Status, Motion and Evidentiary Hearings including Bench Trials | https://dccourts.webex.com/meet/ctb318 | 129 801 7169 |
| | 320 | | https://dccourts.webex.com/meet/ctb320 | 129 226 9879 |

| | | | |
|---|---|---|---|
| 400 | Judge in Chambers Matters including Temporary Restraining Orders, Preliminary Injunctions and Name Changes | https://dccourts.webex.com/meet/ctb400 | 129 339 7379 |
| 415 | Civil 2 Scheduling Conferences; Status, Motion and Evidentiary Hearings including Bench Trials | https://dccourts.webex.com/meet/ctb415 | 129 314 3475 |
| 516 | | https://dccourts.webex.com/meet/ctb516 | 129 776 4396 |
| 517 | | https://dccourts.webex.com/meet/ctb517 | 129 911 6415 |
| 518 | | https://dccourts.webex.com/meet/ctb518 | 129 685 3445 |
| 519 | | https://dccourts.webex.com/meet/ctb519 | 129 705 0412 |
| JM-4 | | https://dccourts.webex.com/meet/ctbjm4 | 129 797 7557 |
| A-47 | Housing Conditions Matters | https://dccourts.webex.com/meet/ctba47 | 129 906 2065 |
| B-52 | Debt Collection and Landlord and Tenant Trials | https://dccourts.webex.com/meet/ctbb52 | 129 793 4102 |
| B-53 | Landlord and Tenant Matters including Lease Violation Hearings and Post Judgment Motions | https://dccourts.webex.com/meet/ctbb53 | 129 913 3728 |
| B-109 | Landlord and Tenant Matters | https://dccourts.webex.com/meet/ctbb109 | 129 127 9276 |
| B-119 | Small Claims Hearings and Trials | https://dccourts.webex.com/meet/ctbb119 | 129 230 4882 |

## IN THE SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

BERTRAND CAPEL,

        *Plaintiff,*

v.

KAREN WRIGHT

        *Defendant*.

Civil Case No. 2021 CA 000595 B

Judge: Jose M. Lopez

Next Event: Initial Scheduling Conference
        May 28, 2021 at 9:30 a.m.

## PRAECIPE TO ENTER APPEARANCE

The Clerk of the Court will please note the appearance of D. Michelle Douglas and Alexander Rogosa on behalf of Defendant Karen Wright.

Dated: March 19, 2021

Respectfully submitted,

KALBIAN HAGERTY LLP

/s/ D. Michelle Douglas
D. Michelle Douglas (D.C. Bar # 503354)
Alexander Rogosa (D.C. Bar # 1044198)
888 17th Street, N.W., Suite 1200
Washington, D.C. 20006
mdouglas@kalbianhagerty.com
arogosa@kalbianhagerty.com
T: (202) 223-5600
F: (202) 223-6625
*Counsel for Defendant Karen Wright*

<u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on March 19, 2021 I caused a copy of the foregoing Praecipe to Enter Appearance to be served electronically through CaseFileXpress upon counsel for Plaintiff.

HOLMES PITTMAN & HARAGUCHI, LLP
Travis Pittman (D.C. Bar #1016894)
PO Box 380
Chester, MD 21619
jtpittman@hphattorneys.com
Telephone: (202) 329-3558
Facsimile: (443) 782-0362
*Counsel for Plaintiff Bertrand Capel*

/s/ D. Michelle Douglas

_____
D. Michelle Douglas [D.C. Bar # 503354]

Filed
D.C. Superior Court
02/26/2021 16:52PM
Clerk of the Court



**Superior Court of the District of Columbia**
**CIVIL DIVISION – Civil Actions Branch**
500 Indiana Avenue, N.W., Suite 5000 Washington, D.C. 20001
Telephone: (202) 879-1133 Website: www.dccourts.gov

Case No.   [Complaint Filed 2/26/2021]

## MOTION FOR RESTRAINING ORDER

☐ **TEMPORARY RESTRAINING ORDER**
An emergency order that lasts 14 days

☒ **PRELIMINARY INJUNCTION**
An emergency order that lasts until trial

| | |
|---|---|
| Bertrand Capel | Karen Wright |
| PLAINTIFF | DEFENDANT |
| 5419 Illinois Avenue, NW | 9403 Highmeadow Drive |
| Address (No Post Office Boxes) | Address (No Post Office Boxes) |
| Washington  D.C.    20011 | Houston    TX    77063 |
| City        State      Zip Code | City        State      Zip Code |
| (202) 297-0914 | 202-491-8068 |
| Telephone Number | Telephone Number |
| bertrand347@gmail.com | wright200@gmail.com |
| Email Address (optional) | Email Address (optional) |

vs

1.   Is there an emergency? If yes, what is the nature of that emergency? Include facts, name(s), and location(s):

Yes. The property in question is 1322 E Street, NE, Washington, DC 20002.
The property is listed for sale and currently has a pending contract on it. Plaintiff
would like the sale postponed  until the Court has determined his rights
and interest in the property.

2.   Plaintiff requests that the Court order the Defendant(s) to:

Postpone the sale of the above listed property. Plaintiff has separately filed a Complaint for declaratory relief and money

damages. That Complaint is pending with the clerk. It contains detailed allegations about the agreement between the

the parties and Defendant's repudiation of that agreement and pending sale of the property. Plaintiff seeks

to have his rights adjudicated before the property is sold. A copy of the Complaint is attached with further information.

*The following questions are optional and can be helpful to the Court.*

A.  What is the relationship between Plaintiff and Defendant?

☐ Landlord & Tenant                    ☐ Family

☐ Dating relationship or child in common   ☐ Friends or former friends

☐ Neighbors                             ☐ No relationship

☐ Co-Workers                            ▇ Other (explain):

The parties invested in a piece of real estate together.

B.  Were the police contacted about the incident?

☐ Yes                                   ▇ No

C.  Was anyone arrested?

☐ Yes                                   ☐ No

If yes, provide the name of the individual(s) arrested:

N/A

D.  Are there any **prior** cases involving Plaintiff and Defendant in the Superior Court of the District of Columbia, or any other court(s)?

☐ Yes                                   ▇ No

If yes, provide the case number(s) and location of the other court(s):

N/A

E.  Are there any **ongoing** cases involving Plaintiff and Defendant in the Superior Court of the District of Columbia, or any other court(s)?

☒ Yes                                              ☐ No

If yes, provide the case number(s) and location of the other court(s):

We do not have a case number because the Complaint was filed this past Friday, February 26, 2021.

F.  Is there a written or oral lease agreement between Plaintiff and Defendant?

☐ Yes                                              ☐ No

G.  Is there an eviction pending?

☐ Yes                                              ☒ No

If yes, provide the eviction date and explain:

N/A

H.  Does this case involve a foreclosure?

☐ Yes                                              ☒ No

If yes, explain the status of the case:

N/A

I.  Does this case involve students attending the same school?

☐ Yes                                              ☒ No

If yes, explain:

N/A

State any other information, of which the Court should be aware:

The parties were in a romantic relationship for many years. During that time, they bought an investment

property together. Defendant is the only person named on the deed. Plaintiff invested a tremendous

amount of time and money renovating and maintaining the property. Now, Defendant has repudiated their

agreement on his rights to the proceeds of the sale and has entered into a contract for sale on the property.


## SIGNATURE

_____                    2/28/2021
SIGNATURE                                            DATE


## CERTIFICATE OF SERVICE

On February 28 _____, 20 21, I mailed this motion to all the lawyers in the case, the
Plaintiff(s) and the Defendant(s) who do not have lawyers, as listed below:

| Name: Karen Wright | Name: |
|---|---|
| Address: | Address: |
| 9463 Highmeadow Drive | |
| Houston, TX 77063 | |


/s/ J. Travis Pittman                               2/28/2021
SIGNATURE                                            DATE


## POINTS AND AUTHORITIES

What legal basis -- laws, regulations, court rules or decisions -- do you want the judge to consider?

Wieck v. Sterenbuch, 350 A2.d 384, at 387-388 (1976).

_____

_____

_____


/s/ J. Travis Pittman                               2/28/2021
SIGNATURE                                            DATE

4

**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**

**CIVIL DIVISION**

|  |  |  |
|---|---|---|
| BERTRAND CAPEL | ) | |
| 5419 Illinois Avenue, NW | ) | |
| Washington, DC 20011 | ) | |
|         Plaintiff, | ) | |
| | ) | Case No.: <u>2021 CA 000604</u> B |
|     v. | ) | |
| | ) | |
| KAREN WRIGHT | ) | |
| Serve at: | ) | |
| 9403 Highmeadow Dr. | ) | |
| Houston, TX 77063 | ) | |
|         Defendant. | ) | |
| | ) | |

**COMPLAINT**

COMES NOW Plaintiff Bertrand Capel and respectfully asks the Court to enter judgment against Defendant Karen Wright and grant declaratory and injunctive relief, and states:

**PARTIES AND JURISDICTION**

1.     Plaintiff Bertrand Capel is a resident of Washington, DC and his home address is 5419 Illinois Avenue, NW, Washington, DC, 20011.

2.     Defendant Karen Wright is a resident of Texas, and her home address is 9403 Highmeadow Drive, Houston, Texas 77063.

3.     Defendant has a real estate license and works in commercial real estate. She was doing this while living in DC and continues doing this now in Texas.

4.     The Court has jurisdiction over Ms. Wright via her ownership interest in the real property at issue located at 1322 E Street, NE, Washington, DC, 20002. The Court also has personal jurisdiction over Ms. Wright via the long-arm statute, set forth at D.C. Code § 13-423(a). Ms. Wright's involvement in the purchase transaction of the property satisfies the nexus

requirement of the long-arm statue, as does her current action of listing the property for sale.

## THE PROPERTY

5.      This dispute arises over real property in the District of Columbia, a residential property, at 1322 E Street, NE, Washington, DC, 20002.

6.      In the land records of the District of Columbia, the property is described as:

ALL THAT PIECE OR PARCEL OF LAND, TOGETHER WITH THE IMPROVEMENTS, RIGHTS, PRIVILEGES AND APPURTENANCES TO THE SAME BELONGING, SITUATE IN THE DISTRICT OF COLUMBIA, DESCRIBED AS FOLLOWS, TO WIT: ALL THAT CERTAIN LOT OR PARCEL OF LAND SITUATE IN THE DISTRICT OF COLUMBIA AND BEING MORE PARTICULARLY DESCRIBED AS FOLLOWS: LOT NUMBERED FIFTY-SEVEN (57) IN WINE AND MAYSES SUBDIVISION OF SQUARE NUMBERED TEN HUNDRED TWENTY-NINE (1029), AS PER PLAT RECORDED IN BOOK 19 AT PAGE 63 IN THE OFFICE THE SURVEYOR FOR THE DISTRICT OF COLUMBIA. TAX ID: 1029-0000-0057.

7.      The property is currently listed for sale at $975,000.

8.      Upon information and belief, the house went under contract within the last week.

## FACTS

9.      Mr. Capel and Ms. Wright were in a romantic relationship for almost nine years.

10.     Several years into the relationship, Mr. Capel and Ms. Wright decided to purchase a residential property, which they would renovate together.

11.     They agreed to form a partnership for the purpose of purchasing and maintaining the property.

12.     They spent four months searching for a property to purchase and attending Sunday open houses. They made offers on several different houses but were outbid, so they continued looking.

13.     In May 2013, Mr. Capel discovered that the property at 1322 E St NE was for sale and informed Ms. Wright. First, Mr. Capel went to look at it on his own, along with the same real

estate agent who is currently listing the house.

14.     The parties went to see the house the same or next day and made an immediate offer on the property, which was ultimately accepted by the seller. The parties purchased the property on May 8, 2013 for $545,000.

15.     They planned to live in the house for a couple of years and eventually sell it. When Ms. Wright moved to Texas, Mr. Capel decided to continue living in the house and agreed to pay the mortgage.

16.     At that time, Mr. Capel was renting out the condominium he owned in the Foggy Bottom neighborhood. Because he already had a mortgage, he did not believe he would qualify to be named on the mortgage for the property in this dispute.

17.     The parties therefore agreed that Ms. Wright would make the down payment on the property at 1322 E St NE and put her name on the mortgage, and that Mr. Capel would allocate the time to manage the renovation and help pay for some of the renovations on the property since he had prior experience renovating houses.

18.     They further agreed that Mr. Capel would receive 30% of the profit and would recoup his share of the renovation costs upon the sale of the property.

19.     Mr. Capel dedicated a significant amount of time to managing the renovation and locating subcontractors, which also required him to take time off from work. He conceptualized the renovations, directed the subcontractors, and often did some of the physical work himself.

20.     Ms. Wright wrote the contracts for subcontractors, handled phone calls and email correspondence, helped select finishes and appliances, and picked up some materials.

21.     The parties almost always made joint decisions about the renovations, which took nearly seven months. During that time, Mr. Capel used his personal contacts to obtain contractor

discounts on appliances, lumber, and marble.

22.     He invested almost $49,000 of his own money to renovate the home and can provide receipts to this effect. He placed $25,000 in cash saved from tips from his job as a hairstylist into a joint safe deposit box with Ms. Wright.

23.     He made additional investments of nearly $24,000 of personal funds to pay for the renovations.

24.     Ms. Wright claims to have invested $150,000 in renovations to the home but refused to produce the receipts when Mr. Capel asked for them.

25.     Once the renovations were completed in early 2014, Ms. Wright and Mr. Capel moved in together at 1322 E St NE.

26.     Early in the summer of 2014, three or four months after the renovations were completed, Ms. Wright moved to Texas due to family obligations.

27.     Mr. Capel continued living in the house for over five years, during which time he paid for the mortgage via check deposit to Ms. Wright's bank account. He also paid for the utilities and maintenance. He spent a total of $197,212,84 on the mortgage alone.

28.     Their romantic relationship began to end in the fall of 2014 when it became clear that they would no longer be living in the same geographic area.

29.     On May 15, 2019, Ms. Wright proposed the idea of renting out the house later that summer. Mr. Capel agreed to move out of his own accord, but only on the condition that she pay Mr. Capel his share of the profit plus renovation expenses.

30.     On June 28, 2019, the parties calculated Mr. Capel's share of the profit plus renovation expenses and came to an agreement. Although Mr. Capel was offered an amount that was lower than what he thought was his fair share, he accepted it in order to move on with his life.

31.     Later in 2019, Ms. Wright told Mr. Capel that she planned to refinance the house and use the money from the refinancing to pay him his share.

32.     Ms. Wright asked Mr. Capel to assist with the listing and showing of the home to prospective renters since she was living in Texas and unable to do this herself.  Ms. Wright posted a notice on Zillow, and Mr. Capel posted weekly notices on Craigslist, Facebook and other sites.

33.     Mr. Capel coordinated private showings and two open houses, met with prospective tenants, and ultimately helped Ms. Wright locate a tenant.

34.     During this time, it was proving difficult to find a suitable tenant. Ms. Wright also changed her mind frequently about whether to rent the home, sell it, or ask Mr. Capel if he wanted to stay there.

35.     He moved out of the home in the middle of January 2020.

36.     In late February or early March of 2020, after Mr. Capel had moved out of the home, Ms. Wright changed her mind and decided she would not refinance the home.

37.     Instead, she made a new proposal to Mr. Capel during a phone call. She offered him $30,000 so that she would never have to hear from him again—otherwise, he would have to wait at least another year for the house to be sold, at which point he would receive his 30% share plus renovation costs.

38.     Mr. Capel did not accept this proposal, since it was not what they had agreed to previously. Ms. Wright then stated she did not want to give Mr. Capel any money for him to buy a house with his new girlfriend. She told him if he did not like her new proposal, he could go ahead and sue her.

39.     According to Mr. Capel's own estimate, the equity in the house is between $200,000 and $250,000.

40.     Ms. Wright listed the home on the market in February 2021, and upon information and belief, Mr. Capel believes the home is currently under contract.

## COUNT ONE

### DECLARATORY RELIEF

41.     Mr. Capel repeats and realleges all of the foregoing paragraphs as if fully restated herein.

42.     Ms. Wright has repudiated Mr. Capel's interest in the proceeds of any sale of the property. This repudiation was stated in a general way and applies equally to Mr. Capel's contract and property rights in the proceeds from the sale.

43.     The easiest resolution to this dispute would be for the Court to declare the parties' rights in the properties and in the sale proceeds, and then let the property be sold and the proceeds distributed in accordance with the Court's declaration.

44.     The Court should declare that Mr. Capel has a right to 30% interest in the proceeds of the sale, plus reimbursement of his costs in the amount of $49,610.32, to be taken from the remaining 70% of the sale proceeds.

## COUNT TWO

### BREACH OF CONTRACT

45.     Mr. Capel repeats and realleges all of the foregoing paragraphs as if fully restated herein.

46.     The parties agreed that Mr. Capel would manage and renovate the property, and in exchange for this service, Ms. Wright would provide him with 30% of the profit whenever it was sold. They also agreed that upon the proceeds of any sale, Mr. Capel would recoup his own personal funds he spent on renovation.

47.     This Count Two for breach of contract is a separate and alternative way of viewing

this situation and the rights of the parties in addition to the general partnership-type framework we present in Count Four.

48.    Ms. Wright has repudiated their agreement and she has repudiated her obligation to perform further, and she has repudiated Mr. Capel's right to collect his portion of the sale proceeds.

49.    These facts can be viewed as an oral contract, a contract implied-in-fact, or a contract implied-in-performance.

50.    Repudiation is breach of contract.

51.    Mr. Capel is going to lose a tremendous amount of money if Ms. Wright is permitted to walk away with the full sale proceeds and does not give Mr. Capel his 30% interest and does not pay him back for all the money he has spent in improving the property.

52.    The Court should enter judgment against Ms. Wright in the amount of $250,000, or such other amount that the Court deems reasonable.

## COUNT THREE

### BREACH OF PARTNERSHIP

53.    Mr. Capel repeats and realleges all of the foregoing paragraphs as if fully restated herein.

54.    Mr. Capel and Ms. Wright entered into a general partnership when they agreed to invest in real estate together.

55.    Under D.C. Code § 29-604.07, Ms. Wright owes to the partnership and to Mr. Capel the duty of loyalty and the duty of care as set forth in this section.

56.    Ms. Wright breached her duties of loyalty and care when she repudiated Mr. Capel's interest in the partnership and his right to a portion of the partnership profits.

57.    The parties entered into this partnership for the purpose of investing in real estate;

Ms. Wright's repudiation of Mr. Capel's financial interest in the sale and ability to recoup his costs spent in doing the partnership's business goes straight to the heart of that investment purpose and is a material breach of her statutory duties.

58.     The Court should, pursuant to D.C. Code § 29-606.01(5)(B), expel Ms. Wright from the partnership.

## COUNT FOUR

### CONVERSION

59.     Mr. Capel repeats and reallages all of the foregoing paragraphs as if fully restated herein.

60.     Mr. Capel has invested a significant amount of his own personal funds into the property and into the partnership.

61.     Ms. Wright's repudiation of her obligation to repay those funds amounts to a conversion of Mr. Capel's financial investment.

62.     The Court should enter judgment against Ms. Wright in the amount of $250,000, or such other amount that the Court deems reasonable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Bertrand Capel respectfully asks the Court to enter judgment as follows:

a)      Award Mr. Capel money damages in the amount of $250,000, or such other amount that the Court deems reasonable.

b)      Declare Mr. Capel's 30% interest in the proceeds of the sale and his right to recoup his performance costs to date.

8

AND MOREOVER, Plaintiff Bertrand Capel respectfully asks the Court to issue a preliminary injunction against any contract on the home going to close before this matter is decided. Mr. Capel has this same day also filed the standard preliminary injunction form and will take efforts to put that motion on for a hearing as soon as possible.

Respectfully submitted,

 /s/ Travis Pittman
Travis Pittman (D.C. Bar No. 1016894)
Attorney for Bertrand Capel

Holmes Pittman & Haraguchi, LLP
P.O. Box 380
Chester, MD  21619
Phone: (202) 329-3558
Fax: (443) 782-0362
jtpittman@hphattorneys.com



**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION Civil Actions Branch**
**500 Indiana Avenue, N.W., Suite 5000, Washington, D.C. 20001**
**Telephone: (202) 879-1133 • Website: www.dccourts.gov**

BERTRAND CAPEL
    Vs.                           C.A. No.     2021 CA 000604 B
KAREN WRIGHT

## INITIAL ORDER AND ADDENDUM

    Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("Super. Ct. Civ. R.") 40-I, it is hereby **ORDERED** as follows:

    (1) This case is assigned to the judge and calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption.

    (2) Within 60 days of the filing of the complaint, plaintiff must file proof of service on each defendant of copies of (a) the summons, (b) the complaint, and (c) this Initial Order and Addendum. The court will dismiss the claims against any defendant for whom such proof of service has not been filed by this deadline, unless the court extended the time for service under Rule 4(m).

    (3) Within 21 days of service (unless otherwise provided in Rule 12), each defendant must respond to the complaint by filing an answer or other responsive pleading. The court may enter a default and a default judgment against any defendant who does not meet this deadline, unless the court extended the deadline under Rule 55(a).

    (4) At the time stated below, all counsel and unrepresented parties shall participate in a remote hearing to establish a schedule and discuss the possibilities of settlement. Counsel shall discuss with their clients **before** the hearing whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this hearing.**

    (5) If the date or time is inconvenient for any party or counsel, the Civil Actions Branch may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. To reschedule the hearing, a party or lawyer may call the Branch at (202) 879-1133. Any such request must be made at least seven business days before the scheduled date.

No other continuance of the conference will be granted except upon motion for good cause shown.

    (6) Parties are responsible for obtaining and complying with all requirements of the General Order for Civil cases, each judge's Supplement to the General Order and the General Mediation Order. Copies of these orders are available in the Courtroom and on the Court's website http://www.dccourts.gov/.

                                   Chief Judge Anita M. Josey-Herring

Case Assigned to: Judge TODD E EDELMAN
Date:      March 1, 2021
Initial Conference: **REMOTE HEARING - DO NOT COME TO COURTHOUSE**
**SEE REMOTE HEARING INSTRUCTIONS ATTACHED TO INITIAL ORDER**

9:30 am, Friday, June 04, 2021
Location:   Courtroom JM-4
            500 Indiana Avenue N.W.
            WASHINGTON, DC 20001

1

# ADDENDUM TO INITIAL ORDER AFFECTING
# ALL MEDICAL MALPRACTICE CASES

D.C. Code § 16-2821, which part of the Medical Malpractice Proceedings Act of 2006, provides,    "[a]fter action is filed in the court against a healthcare provider alleging medical malpractice, the court shall require the parties to enter into mediation, without discovery or, if all parties agree[,] with only limited discovery that will not interfere with the completion of mediation within 30 days of the Initial Scheduling and Settlement Conference ('ISSC'"), prior to any further litigation in an effort to reach a settlement agreement.  The early mediation schedule shall be included in the Scheduling Order following the ISSC.  Unless all parties agree, the stay of discovery shall not be more than 30 days after the ISSC."

To ensure compliance with this legislation, on or before the date of the ISSC, the Court will notify all attorneys and *pro se* parties of the date and time of the early mediation session and the name of the assigned mediator. Information about the early mediation date also is available over the internet at https://www.dccourts.gov/pa/.   To facilitate this process, all counsel and *pro se* parties in every medical malpractice case are required to confer, jointly complete and sign an EARLY MEDIATION FORM, which must be filed no later than ten (10) calendar days prior to the ISSC. D.C. Code § 16-2825 Two separate Early Mediation Forms are available.  Both forms may be obtained at www.dccourts.gov/medmalmediation.  One form is to be used for early mediation with a mediator from the multi-door medical malpractice mediator roster; the second form is to be used for early mediation with a private mediator. Plaintiff's counsel is responsible for eFiling the form and is required to e-mail a courtesy copy to earlymedmal@dcsc.gov.  Unrepresented plaintiffs who elect not to eFile must either mail the form to the Multi-Door Dispute Resolution Office at, Suite 2900, 410 E Street, N.W., Washington, DC 20001, or deliver if in person if the Office is open for in-person visits.

A roster of medical malpractice mediators available through the Court's Multi-Door Dispute Resolution Division, with biographical information about each mediator, can be found at www.dccourts.gov/medmalmediation/mediatorprofiles.  All individuals on the roster are judges or lawyers with at least 10 years of significant experience in medical malpractice litigation.  D.C. Code § 16-2823(a).  If the parties cannot agree on a mediator, the Court will appoint one.  D.C. Code § 16-2823(b).

The following people are required by D.C. Code § 16-2824 to attend personally the Early Mediation Conference: (1) all parties; (2) for parties that are not individuals, a representative with settlement authority; (3) in cases involving an insurance company, a representative of the company with settlement authority; and (4) attorneys representing each party with primary responsibility for the case.

No later than ten (10) days after the early mediation session has terminated, Plaintiff must eFile with the Court a report prepared by the mediator, including a private mediator, regarding: (1) attendance; (2) whether a settlement was reached; or, (3) if a settlement was not reached, any agreements to narrow the scope of the dispute, limit discovery, facilitate future settlement, hold another mediation session, or otherwise reduce the cost and time of trial preparation. D.C. Code§ 16-2826.  Any Plaintiff who is unrepresented may mail the form to the Civil Actions Branch at [address] or deliver it in person if the Branch is open for in-person visits. The forms to be used for early mediation reports are available at www.dccourts.gov/medmalmediation.

Chief Judge Anita M. Josey-Herring

**Civil Remote Hearing Instructions for Participants**

The following instructions are for participants who are scheduled to have cases heard before a Civil Judge in a **Remote Courtroom**

**Option1:** **(AUDIO ONLY/Dial-in by Phone):**

Toll 1 (844) 992-4762 or (202) 860-2110, enter the Meeting ID from the attachment followed by #, press again to enter session.

> * *Please call in no sooner than 5 minutes before your scheduled hearing time. Once you have joined the session, please place your phone on mute until directed otherwise. If you should happen to get disconnected from the call, please call back in using the phone number and access number provided and the courtroom clerk will mute your call until the appropriate time.*

If you select **Option 2** or **Option 3** use the Audio Alternative

**Option 2:** **(LAPTOP/ DESKTOP USERS 1):**

Open Web Browser in Google Chrome and copy and paste following address from the next page:
https://dccourts.webex.com/meet/XXXXXXXXX

**Option 3:** **(LAPTOP/ DESKTOP USERS 2):**

Open Web Browser in Google Chrome and copy and paste following address
https://dccourts.webex.com  Select **Join**, enter the Meeting ID from the next page

AUDIO ALTERNATIVE**:** Instead of automatically using **USE COMPUTER FOR AUDIO**, select **CALL-IN** and follow the **CALL-IN** prompt window. Use a cell phone or desk phone. You will be heard clearer if you **do not** place your phone on SPEAKER. It is very important that you enter the **ACCESS ID #** so that your audio is matched with your video. 

**Option 4: (Ipad/SMART PHONE/TABLET):**

- Go to App Store, Download WebEx App (Cisco WebEx Meetings)
- Sign into the App with your Name and Email Address
- Select Join Meeting
- Enter address from the next page: https://dccourts.webex.com/meet/XXXXXXXXX
- Click join and make sure your microphone is muted and your video is unmuted (if you need to be
- seen). If you only need to speak and do not need to be seen, use the audio only option.
- When you are ready click "Join Meeting". If the host has not yet started the meeting, you will be placed in the lobby until the meeting begins.

**For Technical Questions or issues Call: (202) 879-1928, Option #2**

Superior Court of the District of Columbia
Public Access for Remote Court Hearings
(Effective August 24, 2020)

**The current telephone numbers for all remote hearings are: 202-860-2110 (local) or 844-992-4726 (toll free).** After dialing the number, enter the WebEx Meeting ID as shown below for the courtroom. Please click a WebEx Direct URL link below to join the hearing online.

Audio and video recording; taking pictures of remote hearings; and sharing the live or recorded remote hearing by rebroadcasting, live-streaming or otherwise are not allowed

| Division | Courtroom | Types of Hearings Scheduled in Courtroom | Public Access via WebEx | |
|---|---|---|---|---|
| | | | **WebEx Direct URL** | **WebEx Meeting ID** |
| Auditor Master | 206 | Auditor Master Hearings | https://dccourts.webex.com/meet/ctbaudmaster | 129 648 5606 |
| Civil | 100 | Civil 2 Scheduling Conferences; Status, Motion and Evidentiary Hearings including Bench Trials | https://dccourts.webex.com/meet/ctb100 | 129 846 4145 |
| | 205 | Foreclosure Matters | https://dccourts.webex.com/meet/ctb205 | 129 814 7399 |
| | 212 | Civil 2 Scheduling Conferences; Status, Motion and Evidentiary Hearings including Bench Trials | https://dccourts.webex.com/meet/ctb212 | 129 440 9070 |
| | 214 | Title 47 Tax Liens; and Foreclosure Hearings | https://dccourts.webex.com/meet/ctb214 | 129 942 2620 |
| | 219 | Civil 2 Scheduling Conferences; Status, Motion and Evidentiary Hearings including Bench Trials | https://dccourts.webex.com/meet/ctb219 | 129 315 2924 |
| | 221 | Civil 1 Scheduling Conferences; Status, Motion and Evidentiary Hearings including Bench Trials | https://dccourts.webex.com/meet/ctb221 | 129 493 5162 |
| | 318 | Civil 2 Scheduling Conferences; Status, Motion and Evidentiary Hearings including Bench Trials | https://dccourts.webex.com/meet/ctb318 | 129 801 7169 |
| | 320 | | https://dccourts.webex.com/meet/ctb320 | 129 226 9879 |

| | 400 | Judge in Chambers Matters including Temporary Restraining Orders, Preliminary Injunctions and Name Changes | https://dccourts.webex.com/meet/ctb400 | 129 339 7379 |
|---|---|---|---|---|
| | 415 | Civil 2 Scheduling Conferences; Status, Motion and Evidentiary Hearings including Bench Trials | https://dccourts.webex.com/meet/ctb415 | 129 314 3475 |
| | 516 | | https://dccourts.webex.com/meet/ctb516 | 129 776 4396 |
| | 517 | | https://dccourts.webex.com/meet/ctb517 | 129 911 6415 |
| | 518 | | https://dccourts.webex.com/meet/ctb518 | 129 685 3445 |
| | 519 | | https://dccourts.webex.com/meet/ctb519 | 129 705 0412 |
| | JM-4 | | https://dccourts.webex.com/meet/ctbjm4 | 129 797 7557 |
| | A-47 | Housing Conditions Matters | https://dccourts.webex.com/meet/ctba47 | 129 906 2065 |
| | B-52 | Debt Collection and Landlord and Tenant Trials | https://dccourts.webex.com/meet/ctbb52 | 129 793 4102 |
| | B-53 | Landlord and Tenant Matters including Lease Violation Hearings and Post Judgment Motions | https://dccourts.webex.com/meet/ctbb53 | 129 913 3728 |
| | B-109 | Landlord and Tenant Matters | https://dccourts.webex.com/meet/ctbb109 | 129 127 9276 |
| | B-119 | Small Claims Hearings and Trials | https://dccourts.webex.com/meet/ctbb119 | 129 230 4882 |

## IN THE SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

|  |  |
|---|---|
| BERTRAND CAPEL,<br><br>        *Plaintiff,*<br><br>v.<br><br>KAREN WRIGHT<br><br>        *Defendant*. | Civil Case No. 2021 CA 000604 B<br><br>Judge: Todd E. Edelman<br><br>Next Event: Initial Scheduling Conference<br>        June 4, 2021 at 9:30 a.m. |

## <u>PRAECIPE TO ENTER APPEARANCE</u>

The Clerk of the Court will please note the appearance of D. Michelle Douglas and Alexander Rogosa on behalf of Defendant Karen Wright.

Dated: March 19, 2021

Respectfully submitted,

KALBIAN HAGERTY LLP

/s/ D. Michelle Douglas
D. Michelle Douglas (D.C. Bar # 503354)
Alexander Rogosa (D.C. Bar # 1044198)
888 17th Street, N.W., Suite 1200
Washington, D.C. 20006
mdouglas@kalbianhagerty.com
arogosa@kalbianhagerty.com
T: (202) 223-5600
F: (202) 223-6625
*Counsel for Defendant Karen Wright*

<u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on March 19, 2021 I caused a copy of the foregoing Praecipe to Enter Appearance to be served electronically through CaseFileXpress upon counsel for Plaintiff.

HOLMES PITTMAN & HARAGUCHI, LLP
Travis Pittman (D.C. Bar #1016894)
PO Box 380
Chester, MD 21619
jtpittman@hphattorneys.com
Telephone: (202) 329-3558
Facsimile: (443) 782-0362
*Counsel for Plaintiff Bertrand Capel*

/s/ D. Michelle Douglas

_____
D. Michelle Douglas [D.C. Bar # 503354]

**ATTACHMENT A**

CASE No.: 2021-CA000595-B

| | | |
|---|---|---|
| BERTRAND CAPEL | § | IN THE SUPERIOR COURT |
| Plaintiff | § | Of the DISTRICT of COLUMBIA |
| KAREN WRIGHT | § | CIVIL DIVISION |
| Defendant | | |

### AFFIDAVIT

Before me, the undersigned authority, personally appeared Douglas Matthys, who swore under oath that the following facts are true and correct.

"My name is Douglas Matthys. I am a private process server authorized by the Supreme Court of Texas. My authorization number is PSC-16769. My expiration date is 05/13/2021.

I am an agent of:   Harris County Professional Processors

My address is:   1526 Carbonear Dr Channelview TX 77530

My phone number is:   832-488-0692

Documents came to my hand on the 8th day of March 2021 at 10:49 A.M.

I delivered a true and correct copy of the Summons and Preliminary Injunction, Motion for Restraining Order to Karen Wright, at 3027 Stanton St, Houston, Texas 77025 at 7:51A.M. on the 11th day of March 2021.

I am not a party to this case nor am I related to, employed by or otherwise connected to [other than having been retained to serve process in this case] any party or any party's attorney in this case; and I have no interest in the outcome of this lawsuit.

I am over the age of eighteen (18) years of age. I am of sound mind and have never been convicted of a felony or misdemeanor involving moral turpitude.

_____
Signature

Douglas Matthys  PSC- 16769   05/13/2021
Print Name & Authorization # & Expiration Date

On this day personally appeared Douglas Matthys known to me to be the person whose name is subscribed to the foregoing document and, being by me first duly sworn, declared under oath that the statements therein contained are true and correct. Given under my hand and seal of office this 11th day of March 2021.

_____
Notary Public



MELISSA S. MATTHYS
Notary Public, State of Texas
Comm. Expires 04-30-2023
Notary ID 131995297

## SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

BERTRAND CAPEL                          *

               Plaintiff,               *     Case No. 2021 CA 595B

         v.

                          *     Judge Jose M. Lopez

KAREN WRIGHT                            Next Event: Initial Conference

                          *             May 28, 2021

              Defendant.

                          *

*   *   *   *   *   *   *   *   *   *   *   *   *

### PLAINTIFF'S PROOF OF SERVICE

Service of process on Defendant Karen Wright was successful.

Attached as Exhibit A is the affidavit showing service on this Defendant via private process server on March 11, 2021.

                          Respectfully submitted,

                          Attorney for Plaintiff

                          /s/ Travis Pittman

                          Travis Pittman (D.C. Bar No. 1016894)
                          Counsel for Plaintiff
                          Holmes Pittman & Haraguchi, LLP
                          P.O. Box 380
                          Chester, MD  21619
                          Phone: (410) 482-9505
                          Fax: (443) 782-0362
                          jtpittman@hphattorneys.com

Dated: March 25, 2021

**<u>Certificate of Service</u>**

I hereby certify that I served on this 25th day of March, 2021 a copy of this Plaintiff's Proof of Service on counsel for Defendant via CaseFileXpress, the court's e-filing system.


<u>/s/ Travis Pittman</u>
Travis Pittman